IN THE 12TH DISTRICT COURT
OF WALKER COUNTY, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
7/23/2015
ABEL ACOSTA, CLERK

EX PARTE § 

JARVIS DYWANE TYSON § CAUSE NO. 25,696-A

§

## APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Jarvis Dywane Tyson files Applicant's Objections To The Trial Court's Findings Of Fact And Conclusions Of Law and would show as follows:

I.

## APPLICANT'S GUILTY PLEA WAS INVOLUNTARY AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL

The trial court did not explicitly address whether counsel performed deficiently in advising applicant incorrectly that he could be sentenced to life in prison. However, it acknowledged that counsel breached his duty to investigate whether applicant's forgery probation had been revoked and determine that the alleged forgery conviction could not be used for enhancement (Finding 19; Conclusion 6).

The trial court relied on counsel's affidavit to find that applicant incorrectly told counsel that his probation had been revoked (Finding 18). Applicant asserted that he told counsel that he did not remember his probation being revoked after counsel told him that it had been (AX 2 at 1). The court's finding is contrary to

1

common sense, as applicant could not have believed that his probation had been revoked where it had not been, and he had not gone to prison for any revocation.

The trial court found that applicant failed to demonstrate that he was prejudiced by counsel's deficient performance (Finding 22). This finding is contrary to the evidence. The trial court did not adopt the prejudice standard applicable to whether a guilty plea was involuntary as a result of the inadequate advice of counsel. Applicant must show that, but for counsel's erroneous advice, there is a reasonable probability that he would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).[1] Applicant made this showing.

Applicant had a viable self-defense claim that he wanted to present to a jury (AX 2). Immediately before trial, he pled guilty out of fear that he would receive a life sentence in reliance on counsel's erroneous advice that the maximum punishment was life in prison. Applicant pled guilty without an agreed recommendation on punishment in reliance on counsel's advice that Judge Kraemer probably would not sentence him to more than five years in prison.[2] Had counsel correctly advised him that the forgery conviction could not be used for enhancement and that the maximum sentence was 20 years, applicant would not

---

[1] The trial court stated the general prejudice standard where the applicant must show that, but for counsel's deficient performance, the result of the proceedings would have been different. Conclusion 5(b).

[2] Counsel did not explain that a jury could decide guilt-innocence and, if applicant were convicted, Judge Kraemer could decide punishment (AX 2 at 2).

have pled guilty; rather, he would have pled not guilty to a jury and raised self-defense (AX 2).[3] Counsel's deficient performance resulted in prejudice. Cf. Hill, 474 U.S. at 58-59. Accordingly, applicant's guilty plea was involuntary as a result of ineffective assistance of counsel. Boykin v. Alabama, 395 U.S. 238, 244 (1969).

The trial court concluded that the proper remedy for counsel's deficient performance was to grant a new punishment hearing (Conclusion 11). This does not cure an involuntary plea based on counsel's erroneous advice that the maximum punishment was life rather than 20 years. Because applicant's guilty plea was involuntary, it must be set aside as a denial of due process of law. Boykin, 395 U.S. at 244.

## II.

## APPLICANT'S GUILTY PLEA WAS INVOLUNTARY AS A RESULT OF THE TRIAL COURT'S ERRONEOUS ADMONISHMENT ON THE RANGE OF PUNISHMENT

The trial court found that applicant failed to demonstrate that he was harmed by its erroneous admonishment on the range of punishment (Finding 22). This finding is contrary to the record and the law. In Ex parte Smith, 678 S.W.2d 78, 79 (Tex. Crim. App. 1984), the trial court incorrectly admonished the defendant that the maximum punishment was 20 years in prison where it was actually ten. The

---

[3] The trial court did not address these assertions.

3

defendant pled guilty, and the court assessed eight years. The Court of Criminal Appeals reversed the conviction, holding that the defendant was not aware of the consequences of his plea, was harmed by the erroneous admonishment, and did not enter his guilty plea voluntarily and knowingly. It observed that the State did not contradict the defendant's testimony that he would have gone to trial had the trial court admonished him on the correct maximum punishment. Id.

Similarly, in In re T.W.C., 258 S.W.3d 218, 223 (Tex. App.—Houston [1st Dist.] 2008, no pet.), the trial court incorrectly admonished a juvenile that the maximum punishment was 40 years where it was actually 20. The juvenile pled guilty, and the court assessed six years. The court of appeals reversed the adjudication based on the juvenile's uncontradicted testimony that he would not have pled guilty had he known that he faced a lesser punishment. Id.

Applicant testified that he would not have pled guilty and would have gone to trial had the trial court admonished him correctly regarding the maximum punishment. His assertion was not contradicted by counsel or the State, which did not respond to it despite the trial court's order to do so.[4] Thus, applicant has demonstrated that he was harmed by the erroneous admonishment.

Applicant has shown that his guilty plea was involuntary as a result of the

---

[4] On March 6, 2015, the trial court ordered counsel and the State to file an affidavit addressing applicant's allegations by March 23 (H.C.R. 43). Counsel did so on March 23 (H.C.R. 44). The State never did so. On July 10, the court filed its findings of fact and conclusions of law, which also did not address applicant's assertion (H.C.R. 70).

4

trial court's erroneous admonishment on the range of punishment. Accordingly, it must be set aside as a denial of due process of law. <u>Boykin</u>, 395 U.S. at 244; <u>cf.</u> <u>Smith</u>, 678 S.W.2d at 79-80; <u>T.W.C.</u>, 258 S.W.3d at 223.

### III.

### <u>CONCLUSION</u>

This Court should consider the case *de novo*, reject the findings of fact not supported by the habeas record and the erroneous legal conclusions, and grant a new trial.

Respectfully submitted,

Joel Hayter
State Bar No. 24078644

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile)
joelhayterlaw@gmail.com

Attorney for Applicant
JARVIS DYWANE TYSON

### <u>CERTIFICATE OF SERVICE</u>

I served a copy of this document on David Weeks, Criminal District Attorney, 1036 11th Street, Huntsville, Texas 77340, by United States mail, postage pre-paid, on July 21, 2015.

Joel Hayter